IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE J. WESTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-999 |
| | ) |
| GENERAL NUTRITION CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

An employee alleges that her former employer discriminated against her on the basis of her age and retaliated against her for the filing of a previous lawsuit. The employer seeks dismissal of the retaliation claim, alleging that the employee failed to adequately plead that she engaged in a protected activity. I disagree. The Motion is denied.

## OPINION

Plaintiff Leslie J. Westerman ("Westerman") was hired by Defendant General Nutrition Corporation ("GNC") in 1988. In 1997, she filed a charge of sex and pay

1

discrimination against GNC.[1]  It appears as though Westerman maintained her employment with GNC during the pendency of the earlier litigation.

The charge of discrimination was resolved on or about the first week of May 2004.[2]  At that time, Westerman was serving in the position of Director Creative Services / Print & Production.  Approximately one week later, on or about May 11, 2004, Westerman was informed that her job was being eliminated. She was 52 years old at the time.

She dual filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and then commenced this litigation following receipt of a Notice of Dismissal and Right to Sue Letter.  Westerman asserts five counts.  Count I is brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq.  She alleges that GNC discriminated against her because of her age. She includes in Count I a demand for a permanent injunction.  Count II sets forth a claim of retaliation.  More specifically, Westerman alleges that GNC discharged her in retaliation for having filed earlier charges of sex and pay discrimination.  In Count III, Westerman raises discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951 et. seq..  Westerman alleges a breach of contract claim in Count IV.  The contract at issue is apparently the settlement agreement relating to the

---

[1] The lawsuit was filed in the U.S. District Court for the Western District of Pennsylvania at Civil Action No. 98-102.

[2] It is not clear in what manner the charge was resolved.  Westerman alludes to an arbitration procedure which ultimately was resolved, though apparently not in an amicable manner. See Docket No. 6, p. 2-3.

arbitration. Finally, in Count V, Westerman seeks payment under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. for vacation time.

GNC has filed a Motion to Dismiss. (Docket No. 3), which focuses only on Count II.[1] GNC argues that Westerman has failed to adequately plead an essential element of her retaliation claim - that of having engaged in a protected activity. GNC has misread the Complaint. Because I find that Westerman has alleged that she engaged in a protected activity, the Motion to Dismiss is denied.

## **STANDARD OF REVIEW**

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted

---

[1] I note that GNC seeks only the dismissal of Count II. Count III, asserted under the PHRA, is based upon the same set of facts. Even had Westerman challenged Count III, however, I would reach the same conclusion as I reach with respect to Count II, as claims under the PHRA are construed in the same manner as claims under the ADEA. See Fasold v. Justice, 409 F,3d 178 (3d Cir. 2005).

inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

As set forth above, Westerman sets forth in Count II a claim for retaliation. To plead a *prima facie* case of retaliation under the ADEA, Westerman must allege:

> (1) that she engaged in a protected activity;
>
> (2) that she was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and
>
> (3) that there is a causal connection between the protected activity and the adverse action.

Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005), citing, Fogelman v. Mercy Hospital, Inc., 283 F.3d 561, 567-68 (3d Cir. 2002). GNC urges that Westerman has not satisfied the first element - that she engaged in a protected activity. GNC's argument is premised upon the belief that the "protected activity" here consists of a settlement of earlier litigation.

GNC's view of the Complaint is myopic. Westerman clearly identifies her

4

"protected activity" as the filing of the initial charge of discrimination. See Complaint, ¶ 30 (averring that "[a]fter Plaintiff exercised her statutorily protected rights by filing a complaint of discrimination with the EEOC, Defendant retaliated against her by terminating her employment within one week of the final resolution of that matter."). It is beyond dispute that the filing of a complaint with the EEOC constitutes protected activity. See Barber v. CSX Distrib. Services, 68 F.3d 694, 702 (3d Cir. 1995) (recognizing that a formal complaint to the EEOC constitutes "protected conduct" under the ADEA). Consequently, Westerman need not allege that the settlement itself constituted protected activity.[4]

Because the law is clear that the filing of a charge of discrimination with the EEOC constitutes a "protected activity," and I find that Westerman can prove facts which would entitle her to relief. As such, she has stated a claim for retaliation and the Motion to Dismiss is denied.

I do agree however, with GNC that Westerman's execution of the Settlement Agreement relating to her earlier suit impacts the scope of her current retaliation

---

[4] In so stating, I do not mean to suggest that I agree with GNC's larger proposition - that settlement of a dispute cannot constitute protected activity. Indeed, I take no position on this matter. I only note that the case upon which GNC relies for that proposition, Gallimore-Wright v. Long Island Railroad Company, 354 F. Supp. 2d 478 (S.D. N.Y. 2005) is distinguishable. Significantly, the Gallimore-Wright court considered not whether plaintiff had engaged in a protected activity, which is the issue before me, but whether plaintiff had established a causal connection between the protected activity and the adverse employment action. See Gallimore-Wright, 354 F. Supp.2d at 487-88 (stating that "[t]he LIRR concedes that the lawsuit was protected activity and that the termination was an adverse employment action. It challenges, however, the existence of any causal connection between the two."). Further, the procedural posture of each case is markedly different. The Gallimore-Wright court considered a motion for summary judgment. As such, the court had to go beyond the pleadings and determine whether plaintiff had come forward with admissible evidence sufficient to raise a genuine issue for trial with respect to causation. The court concluded that plaintiff had not. In contrast, my charge here is to look at the allegations contained in the Complaint and determine whether Westerman can prove any set of facts which would entitle her to relief.

claim. In that Settlement Agreement (see Docket No. 10-3), Westerman released all claims of retaliation which had been set forth in the Amended Complaint. Westerman has not argued that the release is not binding in this case. Indeed, she acknowledges that she "may have released the Defendant from liability for those acts occurring prior to the date of the settlement agreement... ." See (Docket No. 13-1 (emphasis in original). Nevertheless, Westerman did not, and could not, have wived any claims which would have arisen after the Settlement Agreement.[5] Nor has GNC identified any case law suggesting that Westerman is somehow precluded fro relying on the filing of the underlying Complaint as her "protected activity" simply because she previously used that filing as a "protected activity" in a previous case. The Motion to Dismiss is denied.

* * * * * * * * * * * * * * * * * * * * * * *

---

[5]The parties will have to fully brief and argue, at some point in time, what date the Court should consider to be the effective date of the Settlement Agreement. Westerman represents that the Agreement was created in February of 2003, signed by herself on November 11, 2003 but not executed by GNC until May of 2004. All I hold now is that Westerman's current retaliation claim is limited to those actions not released by way of the Settlement Agreement..

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE J. WESTERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-999 |
| | ) |
| GENERAL NUTRITION CORPORATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **15th** day of December, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Motion to Dismiss (Docket No. 3) is DENIED.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge