IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE J. WESTERMAN,                         )
                                             )
            Plaintiff,                       )
                                             )
   -vs-                                      )
                                               Civil Action No.  05-999
                                             )
GENERAL NUTRITION CORPORATION,               )
                                             )
                                             )
            Defendant.                       )

AMBROSE, Chief District Judge.

## OPINION and ORDER

### SYNOPSIS

Before the Court is Plaintiff's Motion for Reconsideration of my Opinion and Order dated January 30, 2007 ("January 30 Opinion"), granting partial summary judgment against Plaintiff on her ADEA claim.  Plaintiff, pursuant to Fed. R. Civ. P. 59, contends that the January 30 Opinion contains several errors of law and fact.

Plaintiff raises three arguments that fall neatly into two broad categories: First, she asserts that evidence regarding the relative duties and titles of Plaintiff and Jennifer Foster, a retained employee, could allow the factfinder to infer discriminatory animus, and that I erred in concluding otherwise; and also that I erred in viewing each piece of age-related evidence in isolation, rather than viewing them as a totality, which would likewise have lead to the conclusion that a reasonable factfinder could determine illegal motivation.

In addition to opposing Plaintiff's Motion for Reconsideration, Defendant has filed a Motion to Strike the Plaintiff's Motion.

I have carefully considered the parties' arguments, and will address them in turn.   For the following reasons, both Motions will be denied.

**OPINION**

**I. Defendant's Motion to Strike**

I first address Defendant's Motion to Strike Plaintiff's Motion for Reconsideration.   Defendant's Motion is premised on Plaintiff's failure to file a supporting Brief.  Defendant has been able to formulate a response to Plaintiff's Motion, and I find that no significant prejudice has occurred.  Although I do not condone failures to comply with court practices and procedures, it would not be in the interest of justice at this juncture to strike Plaintiff's Motion.  I will, therefore, deny Defendant's Motion, and will consider the substance of Plaintiff's contentions.

**II.  Plaintiff's Motion for Reconsideration**

**A.  Standard of Review**

A motion for reconsideration is intended, inter alia, to correct manifest errors of law or fact. Max's Seafood Cafe v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Therefore, a previous decision may be altered or amended only if the party seeking reconsideration establishes, for example, the need to correct a clear error of law or fact or to prevent manifest injustice.[1] Id.  Moreover,  motions for reconsideration are to be granted sparingly.  Continental Cas. Co. v. Diversified Indus., Inc., 884 F.

---

[1] Other potential grounds for a motion for reconsideration are not at issue here.

Supp. 937, 943 (E.D. Pa. 1995).

## B.  Plaintiff's Motion

Initially, I note that Plaintiff does not seek reconsideration of my finding that she failed to establish pretext by discrediting Defendant's explanation for the outsourcing.  Instead, her challenges relate solely to my determination that the evidence adduced regarding age discrimination could not lead a reasonable jury to conclude that age was more likely than not a motivating or determinative cause of her termination.  In other words, her Motion is limited to the principles enunciated in the second prong of Fuentes v. Perskie, 32 F. 3d 759, 762 (3d Cir. 1994).[2]

The second prong of Fuentes requires me to assess whether Plaintiff has pointed to evidence that proves age discrimination "in the same way that critical facts are generally proved – based solely on the natural probative force of the evidence." Keller v. Orix Credit Alliance, 130 F.3d 1101, 1111 (3d Cir. 1996).[3]   Our Count of Appeals has explained the Plaintiff's burden on summary judgment as follows:

> To show that discrimination was more likely than

_____

[2]I also take this opportunity to clarify an issue raised, in passing, at a January 9, 2007 settlement conference in chambers.   In my January 30 Opinion, I did not hold that Plaintiff was barred from proving that her discharge was retaliatory.  I found that she failed to establish pretext by discrediting Defendant's explanation for the discharge, and indicated that at a minimum, her retaliation claim could go forward, "for example," because of allegedly retaliatory conduct preceding her discharge.  Nothing in the January 30 Opinion precludes Plaintiff from pursuing a retaliatory discharge claim under the second prong of Fuentes.

[3]Fuentes requires me to assess the probative force of the evidence presented.  In doing so, of course, I am not permitted to weigh competing evidence, or decide which evidence is more probative.  Sempier v. johnson & Higgins, 45 F.3d 724, 727 (3d Cir. 1995).  Instead, as set forth in Fed. R. Civ. P. 56, I will consider only undisputed facts, and will view them in the light most favorable to the non-moving party.

3

> not a cause for the employer's action, the plaintiff must point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision.  For example, the plaintiff may show that the employer has previously discriminated against her, that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class, or that the employer has treated more favorably similarly situated persons not within the protected class.

Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998) (citations omitted).

At the pretext stage of the analysis, "the factual inquiry into the alleged discriminatory motives of the employer has risen to a new level of specificity." Id. at 646.

By offering Foster as the sole comparator, Plaintiff suggests that she may defeat summary judgment because Foster, a younger employee, was similarly situated to Plaintiff and treated more favorably.   Indeed, such a showing may overcome summary judgment under applicable law.  Simpson, CITE; Levya v. Computer Sciences Corp., 169 Fed. Appx. 720, 725 (3d Cir. 2006).   "While such comparative evidence may show pretext, it is only relevant if the comparators are 'similarly situated'" to the plaintiff. Maull v. Div. of State Police, 39 Fed. Appx. 769, __ (3d Cir. 2002).  Determining whether another employee is "similarly situated" to the plaintiff requires a fact-intensive assessment of factors such as job function, supervisory duties, salary, and other factors relevant to the particular workplace.

<u>Monaco v. American Gen. Assur. Co.</u>, 359 F.3d 296, _ (3d Cir. ____).[4]  Plaintiff bears the burden of proving that similarly situated persons were treated differently.  <u>Foxworth v. Pa. State Police</u>, No. ___, 2007 U.S. App. LEXIS 2230, at *__ (3d Cir. __, 2007).

In the January 30 Opinion under consideration, I accepted as true Plaintiff's assertion, based on her own affidavit, that "Ms. Foster is currently performing a number of job functions [Plaintiff] had performed in [her] position as Director Creative Services/Print & Production, including: [a list of duties]."  I also accepted as true the fact, proffered by Plaintiff, that Foster does not perform Plaintiff's former budgeting responsibilities.  Although I did not rely on job titles in my January 30 Order, I will presently accept as true Plaintiff's description of her job title, as well as the fact that Foster's title is "Director Creative Advertising and Production."[5]

In the portion of my January 30 Opinion to which Plaintiff assigns error, I concluded that the evidence adduced by Plaintiff on this point was insufficient to permit the necessary comparison.   I noted that, for example, Plaintiff had presented no information regarding the primary functions of each woman's job.  As I also noted in the Opinion, the favorable treatment of one younger employee

---

[4]<u>Monaco</u> considered the "similarly situated" standard in the context of a <u>prima facie</u> case under a New Jersey statute analogous to the ADEA, but its reasoning has been applied to the ADEA.  <u>See</u>, <u>e.g.</u>, <u>Klinman v. JDS Uniphase Corp.</u>, 439 F. Supp. 2d 401 (E.D. Pa. 2006).

[5]The inclusion in my January 30 Opinion of Defendant's misquote of Plaintiff's job title, as stated in her Complaint, was immaterial to my analysis and decision, as I did not rely on Defendant's misquote as an undisputed fact, and did not analyze Foster's and Plaintiff's job titles.  As more fully addressed in today's Opinion, both correcting the misquote and expressly considering the job titles do not alter the conclusions reached in my January 30 Opinion.  As a result, to the extent that the misquote constitutes a factual error, such error does not require that I grant Plaintiff's Motion for Reconsideration.  <u>See</u>, <u>e.g.</u>, <u>Building & Constr. Trades Dep't v. Reich</u>, 820 F. Supp. 11, 12 (D.D.C. 1993).

as compared to one older employee is not necessarily sufficient to allow an inference of age discrimination.  In other words, the evidence presented on this point did not create a genuine issue of material fact sufficient to meet Plaintiff's burdens. I did not, however, elaborate on the reasons underlying those conclusions. Because Plaintiff presently argues that those conclusions represent an erroneous application of law to the facts, however, I do so now.

Plaintiff's bare proffer that Foster performs "a number" of Plaintiff's former duties, but not the budgeting duties, and that the two job titles, viewed in a light most favorable to Plaintiff, were similar – unaccompanied by a shred of evidence regarding additional factors such as salary, or what portion of either woman's overall job function is represented by the enumerated duties[6]-- simply does not permit the conclusion that the evidence is of sufficient probative force that a reasonable factfinder could conclude, by a preponderance of the evidence, that age was more likely than not a motivating factor in Plaintiff's discharge.  Plaintiff's burden is not to come forward with <u>some</u> evidence; it is to amass <u>sufficient</u> evidence under applicable standards.[7]  This, she has not done.

Plaintiff protests that she provided the Court with a "detailed list" of shared

---

[6]Accordingly, the record presents no support for Plaintiff's current insistence that Foster assumed "many" of Plaintiff's former duties.

[7]The commonly-cited list of ways in which a plaintiff may establish pretext by proof of discriminatory animus, as stated in <u>Simpson</u>, CITE, is not all-inclusive.  In other words, Plaintiff could overcome summary judgment even if Foster was not "similarly situated," if the Foster evidence was otherwise of sufficient probative value.  Even if I were not to consider the subject evidence according to "similarly situated" standards, but under a more generalized assessment of its probative value, however, as suggested here, the evidence is weak.  In other words, the bare evidence could not lead to the proper inference.  FLESH OUT.

job functions, which should suffice.  I emphasize, again, that without additional evidence somehow anchoring that list to the ultimate question of discrimination, the list alone is of limited relevance to that question.    When my deputy clerk is absent from the office, for example, a law clerk will perform "a number" of his duties, such as scheduling conferences, fielding attorney telephone calls, photocopying court orders, and swearing in witnesses; one might also note similarities in the two job titles.  Assuming the law clerk is significantly younger than the deputy clerk, and plugged into the appropriate litigation scenario, these facts alone would not reasonably permit the required inferences.  Plaintiff's comparison proffer, while obviously different in many respects, amounts to no more than does my in-chambers example.

I assure Plaintiff, as well, that I viewed the "scene" involving Foster in the context of the entire performance of this play, in accordance with the standards stated in my January 30 Opinion.  Indeed, a fatal defect in this script is that Plaintiff's evidence does not tie into or create any reasonably discernible age-related storyline. The sum total of the remaining pertinent evidence raised by Plaintiff's present Motion  –lifting directly from plaintiff's Counterstatement of Material Facts– is that Defendant sought a "fresh look at what we can do," and Plaintiff's cursory testimony that four other employees over forty were fired, at some time "shortly prior to" Plaintiff's termination.

As regards the numerical evidence, "[w]ithout any demonstration of the statistical significance...a factfinder could not reasonably accord it much if any

weight"; "raw numerical evidence alone is of little value without a demonstration of its significance to the employer's alleged discriminatory motive." Keller, 130 F.3d at 1112.   The numerical data here presented is about as raw as such data can be, and there has been no demonstration of its significance.   The "fresh look at what we can do" is, similarly, not tied to age, but instead explicitly refers to ability; to the extent it may be viewed as tied to age, that tie, as stated in my January 30 Opinion, is highly attenuated.   Although the analysis could end there, I note, too, that a reasonable factfinder would have to consider Defendant's legitimate economic explanation for the outsourcing, which has not been discredited.   See id. at 113.   Considering the overall scenario, Plaintiff's few pieces of tenuous evidence are not sufficient to overcome summary judgment by virtue of being bundled together.

In the interest of completeness, I address Plaintiff's statement, although it does not rise to the level of an argument[8], that I a reasonable jury could conclude, that Foster has taken over a position for which Plaintiff was more qualified. Because I did not engage in an analysis of Foster as a comparator in my January 30 Order, I did not consider the question of relative qualifications.   It is undisputed that Foster worked for Defendant for three years before moving into the subject job position; so, too, that Plaintiff herself had over sixteen years of experience in packaging with Defendant.  Again, I am utterly unable to arrive at any description of Plaintiff's and Foster's positions, or what qualifications might be required for

---

[8]Other than this single statement, Plaintiff's Motion for Reconsideration does not address any issue regarding her qualifications for Foster's position.

their performance.  Even if I could do so, Plaintiff has proffered no evidence regarding, for example, educational backgrounds, or other work experience. <u>See</u>, <u>e.g.</u>, <u>Eason v. Del Monte Foods</u>, No. 04-1698, 2006 U.S. Dist. LEXIS 65543, at *21 (W.D.. Pa. Sept. 14, 2006). Plaintiff's subjective opinion that she is more qualified to perform Foster's job duties is insufficient, alone, to create a genuine dispute of fact.

## **CONCLUSION**

In sum, for the foregoing reasons, Plaintiff has failed to demonstrate the need to correct a clear error of law or fact or to prevent manifest injustice.  I have carefully considered Plaintiff's arguments seeking reconsideration, and have further considered and explicated the reasons behind my January 30 Opinion.  After this exercise, it remains that Plaintiff has failed to make a showing, on age discrimination, sufficient to create a genuine issue of material fact regarding pretext based on discriminatory animus.  Accordingly, I reaffirm that Defendant is entitled to judgment as a matter of law under all applicable standards.  Moreover, I decline to strike Plaintiff's Motion for Reconsideration, and will deny Defendant's Motion accordingly.

An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * *

9

**ORDER OF COURT**

AND NOW, this **5th** day of March, 2007, it is ORDERED that Plaintiff's Motion for

Reconsideration [Docket no. 52] and Defendant's Motion to Strike [Docket No. 55] are

DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge